UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ZAMORA PLASENCIA,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX ICE DETENTION FACILITY, et al.<br>Respondents. | No. :26-cv-08614-DAD-CKD (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 2, 3, 4) |

On October 19, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order (Doc. No. 3), and a motion to appoint to counsel (Doc. No. 4). On October 21, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondents were further directed to state any opposition that they have to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

On October 22, 2026, respondents filed a combined response to the petition for writ of habeas corpus and motion for temporary restraining order. (Doc. No. 8.) Therein, respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(6) because petitioner continuously refuses to cooperate in the government's attempts to effectuate his removal to Mexico. (*Id.* at 3–5.) Respondents further argue that petitioner's removal is reasonably foreseeable because Mexico accepts certain noncitizens from the United States. (*Id.* at 5.)

Based on the parties' briefing, the court finds the following facts. Petitioner is a native and citizen of Cuba who originally entered the United States on or about September 10, 1989. (Doc. Nos. 1 at 8; 8 at 29.) On or about May 13, 1998, an immigration judge ("IJ") ordered petitioner removed to Cuba, petitioner subsequently appealed that order, and on February 1, 1999, the BIA dismissed petitioner's appeal of the IJ's order. (Doc. No. 8 at 30.) On or about June 23, 2000, ICE released petitioner from immigration custody on an order of supervised release ("OSUP"). (*Id.* at 32.) On or about May 15, 2026, ICE re-detained petitioner during a mandatory check-in with a separate agency in Florida and subsequently revoked his OSUP. (*Id.* at 29, 32.)

Respondents have not submitted a copy of petitioner's removal order in support of their response. Nonetheless, all of their supporting documentation indicates that petitioner was only ordered removed to Cuba, not Mexico. (Doc. No. 8.) Respondents are not arguing that petitioner's OSUP was revoked because of any purported violations with the terms of his release. This case clearly fits within the category of cases in which the government's position is that Cuban nationals must either cooperate with ICE's attempts to remove them to Mexico, despite not being ordered removed there, or otherwise face indefinite detention. *See e.g.*, *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026) ("However, as noted above, petitioner has no removal order to Mexico. Respondents' argument appears to be that, because petitioner is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to, he may be detained indefinitely."); *Garcia v. Warden, Cent. Valley Annex*, No. 1:26-cv-04659-DJC-JDP, 2026 WL 2254380, at *3 (E.D. Cal. Aug. 4, 2026) ("To adopt the Government's position on the use of detention to strong-arm third-country removals would not only undermine the consent required in those removals but also

sanction the use of detention to coerce otherwise unavailable deportations."). The undersigned has deemed this position taken by the government to be frivolous. *Obando Vargas*, 2026 WL 2056618, at *2 ("This argument is frivolous and the court admonishes respondents' counsel to avoid wasting the court's time and resources with such arguments in the future.").

Because petitioner was previously released on OSUP and subsequently re-detained, it is respondents' "burden to show a significant likelihood that [petitioner] may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO (HC), 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (internal quotation marks and citation omitted). Respondents offer evidence that petitioner has refused to sign multiple notices of intent to remove him to Mexico. (Doc. No. 8 at 44, 49.) The undersigned has previously explained that Mexico's agreement to accept certain noncitizens "appears to be contingent upon the non-citizens consent to be removed to Mexico, which does not appear to be the case here in light of petitioner's refusal to sign the notice of intent." *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026).

Here, respondents have not explained why Mexico will likely accept petitioner even though he is purportedly refusing to consent to the government's attempts to remove him there. Therefore, the court incorporates its reasoning set forth in *Ruiz-Acosta* and concludes that respondents have failed to demonstrate changed circumstances regarding the likelihood of petitioner's removal in the reasonably foreseeable future as is required to justify the revocation of his release. *Ruiz-Acosta*, 2026 WL 1846727 (concluding that respondents failed to establish a significant likelihood of removal of a Cuban national to Mexico where the Cuban national did not consent to be removed there). Accordingly, the court will grant the petition and order petitioner's immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions, if any, he was subject to prior

to his re-detention on or about May 15, 2026;

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motions for temporary restraining order and to appoint counsel (Doc. Nos. 3, 4) are DENIED as having been rendered moot by this order granting him habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Ice Detention Facility; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE